UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



-------------------------------------------------------------------x
                            :

DELIA ROMERO,                        :

                  Plaintiff,     :

                            :

      -against-                 :

RESORTS CASINO ATLANTIC CITY,    :

                Defendant.  :

-------------------------------------------------------------------x

COPY

Supreme Court of New York
Bronx County

Case No. 301254/07

NOTICE OF REMOVAL
AND STATEMENT OF
GROUNDS FOR REMOVAL



      Pursuant to 28 U.S.C. § 1441 et seq., Defendant Resorts International Hotel, Inc.,

incorrectly sued herein as Resorts Casino Atlantic City ("Defendant"), by and through its

counsel of record, McElroy, Deutsch, Mulvaney & Carpenter, LLP, hereby files this

Notice of Removal of the above-entitled action to the United States District Court for the

Southern District of New York, from the Supreme Court of the State of New York,

County of Bronx, where the action is now pending, as provided by Title 28, U.S. Code,

Chapter 89, and Local Rule 81.1 of the Local Rules of the United States District Court for

the Southern and Eastern Districts of New York. As grounds for removal Defendant

states as follows:

      1.     On or about September 26, 2007 this action was commenced by Plaintiff

Delia Romero ("Plaintiff") against Defendant by the filing of a Summons and Verified

Complaint in the Supreme Court of the State of New York, County of Bronx, titled *Delia*

*Brown v. Resorts Casino Atlantic City*, Index No. 301254/07. A Copy of the Summons

and Verified Complaint is attached as Exhibit A.

RECEIVED
NOV 0 1 2007
U.S.D.C. S.D.N.Y.
CASHIERS

2.      The Summons and Verified Complaint were directed to Defendant care of its registered agent in New Jersey, namely Corporation Service Company ("CSC"), at 830 Bear Tavern Road, West Trenton, New Jersey 08628.  CSC was served with the Summons and Verified Complaint on October 3, 2007.

3.      Defendant received a copy of the Summons and Verified Complaint from CSC on October 5, 2007.

4.      As set forth in the Summons and Verified Complaint, at the time of the commencement of this action and since that time Plaintiff was and is now a citizen and resident of the State of New York, County of Bronx.  See Exhibit A, ¶1.

5.      Defendant was and is now a corporation of the State of New Jersey with its principal place of business in the State of New Jersey.

6.      This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), and this action is removable under 28 U.S.C. § 1441(a), in that there is complete diversity of citizenship among the parties, and, as alleged in the Verified Complaint filed and served by Plaintiff in this matter, the amount in controversy exclusive of interest and costs is $1,000,000.  See Exhibit A, ¶16.

7.      As such, removal is appropriate for the following reasons:

a.      Plaintiff is a citizen and resident of New York, County of Bronx;

b.      Defendant is corporation of the State of New Jersey with its principal place of business in New Jersey; and

c.      Plaintiff's Verified Complaint requests damages and other relief in an amount greater than $75,000, exclusive of interest and costs.

8.    This Notice of Removal is timely under the provisions of 28 U.S.C. § 1446(b).

9.    Defendant will give written notice of filing of this notice to Plaintiff as required by 28 U.S.C. § 1446(d).

10.    A true and correct copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Bronx as required by 28 U.S.C. § 1446(d).

11.    By filing this Notice of Removal, Defendant does not waive, but hereby expressly reserves, all defenses it may have including but not limited to the defenses that may be asserted pursuant to Rule 12 of the Federal Rules of Civil Procedure, including lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, and failure to state a claim upon which relief may be granted.

WHEREFORE, Defendant requests that the above-entitled action now pending in the Supreme Court of the State of New York, County of Bronx, be removed from there to this Court, and proceed before this Court as an action properly removed to it.

Dated: New York, New York
       November 1, 2007

By _____
       Brian J. Carey, Esq.
       Attorney Bar Code: BC8041
       McELROY, DEUTSCH, MULVANEY
       & CARPENTER, LLP
       *Attorneys for Defendant*
       *Resorts International Hotel, Inc.*
       Wall Street Plaza
       88 Pine Street, 24th Floor
       New York, New York 10005
       (212) 483-9490

TO:     David B. Owens, Esq.
        Gess Gess & Scanlon
        *Attorneys for Plaintiff*
        30 Vesey Street, 15th Floor
        New York, New York 10007
        (212) 267-7767

Exhibit A

KEVIN SMITH                                              ☑010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------X

DELIA ROMERO,                                    INDEX #: 301254/07
                                                 Filed: 9/26/07
                                                 Plaintiff designates
                     Plaintiff,                  County Of Bronx

         -against-                               The basis of Venue is
                                                 the Plaintiff's Residence

RESORTS CASINO ATLANTIC CITY
                                                 *SUMMONS*

                                                 The Plaintiff resides at
                     Defendants,                 1669 Randall Avenue
                                                 Bronx, New York.
--------------------------------------------------X

To the above-named Defendant:

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your answer, or if the complaint is not served with this summons, to
serve a notice of appearance on the Plaintiff's Attorney within (20) days after service of
this summons, exclusive of the day of service (or within thirty days (30) days after the
service is complete if this summons is not personally delivered to you within the State
of New York); and in the case of your failure to appear or answer, judgment will be
taken against you by default for the relied demanded in the complaint.

Dated:       New York, New York
             September 20, 2007


                                          GESS GESS & SCANLON


                                          By: David E. Owens, Esq.
                                          Attorneys for Plaintiff
                                          30 Vesey Street,1 5th Floor
                                          New York, NY 10007
                                          (212) 267-7767

To:    Resorts Casino Atlantic City
       c/o registered agent Corporation Service Company
       830 Bear Tavern Road
       West Trenton, New Jersey 08628

KEVIN SMITH

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------X

DELIA ROMERO,

                Plaintiff,

           -against-

RESORTS CASINO ATLANTIC CITY

                Defendants.

---------------------------------------------------------------X

VERIFIED COMPLAINT

INDEX #:

      Plaintiff, by her attorneys, Gess Gess & Scanlon complaining of the defendant herein, sets forth, upon information and belief, as follows:

      1.     That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Bronx, State of New York.

      2.     That at all times hereinafter mentioned, the defendant, RESORTS CASINO ATLANTIC CITY, was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

      3.     That at all times hereinafter mentioned, the defendant, RESORTS CASINO ATLANTIC CITY, was a foreign corporation licensed to do business in the State of New York.

      4.     That at all times hereinafter mentioned, the defendant, RESORTS CASINO ATLANTIC CITY, was the owner of the premises known as 1133 Boardwalk, Atlantic City, New Jersey.

      5.     That at all times hereinafter mentioned, the defendant, RESORTS CASINO ATLANTIC CITY, maintained the aforementioned premises known as 1133 Boardwalk, Atlantic City, New Jersey.

      6.     That at all times hereinafter mentioned, the defendant, RESORTS CASINO ATLANTIC CITY, operated the aforementioned premises known as 1133 Boardwalk, Atlantic City, New Jersey.

      7.     That at all times hereinafter mentioned, the defendant, RESORTS CASINO ATLANTIC CITY, controlled the aforementioned premises known as 1133 Boardwalk, Atlantic City, New Jersey.

KEVIN SMITH                                                                    ☑012

8.    That at all times hereinafter mentioned, the defendant, RESORTS CASINO ATLANTIC CITY, supervised the aforementioned premises known as 1133 Boardwalk, Atlantic City, New Jersey.

9.    That at all times hereinafter mentioned, the defendant, RESORTS CASINO ATLANTIC CITY, invited customers, and other persons, including the plaintiff, to come into its above-mentioned premises.

10.    That at all times hereinafter mentioned, the defendant, RESORTS CASINO ATLANTIC CITY, it's agents, servants and/or employees maintained, operated managed and supervised the aforementioned premises the known as Resorts Casino Atlantic City, 1133 Boardwalk, Atlantic City, New Jersey.

11.    That at all times hereinafter mentioned, the defendant, RESORTS CASINO ATLANTIC CITY, it's agents, servants and/or employees were under a duty to keep the aforesaid area in a safe and proper condition.

12.    That on or about July 4, 2006 while the plaintiff was lawfully present at the aforementioned premises, she was caused to sustain injuries due to an unsafe, dangerous, broken, slot machine, because of the carelessness, negligence and recklessness of the defendants, their agents, servants and/or employees and caused to sustain serious personal injuries as hereinafter alleged.

13.    That the incident complained of herein and the injuries resulting therefrom, were was caused solely by reason of the negligence, carelessness and recklessness of the defendants, their agents servants and/or employees.

14.    That by reason of the aforesaid, the plaintiff was caused to sustain serious personal injuries as hereinafter set forth.

15.    That by reason of the of the negligence, carelessness and recklessness of the defendant, the plaintiff has sustained severe bodily injuries with accompanying pain and suffering; became and continues to be sick, sore and disabled and that some of her injuries will be permanent; she has and will be compelled to spend money and incur obligations for medical care, attention and other expenses; and she has been and will be unable to attend her usual occupation, activities and duties.

16.    That as a result of the foregoing, the plaintiff has been damaged in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

WHEREFORE, the plaintiff, demands judgement against the defendants in the sum of ONE MILLION ($1,000,000.00) DOLLARS, all together with the costs and disbursements of this action.

Dated: New York, New York

10/11/2007 14:08 FAX 6092364009            KEVIN SMITH                          ☒013

September 20, 2007

GESS GESS & SCANLON

By: David B. Owens, Esq.
Attorneys for Plaintiff
30 Vesey Street, 15th Floor
New York, NY 10007
(212) 267-7767

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK        )
                                         :SS:
COUNTY OF NEW YORK    )

The undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, shows:

That deponent is an attorney with the firm of Gess Gess & Scanlon, the attorneys for the plaintiff in the within action; that the deponent has read the foregoing Summons and Complaint, and knows the contents thereof.

That the same is true to deponent's own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters deponent believes to be true.

That deponent further states that the reason for this verification being made by deponent and not by the plaintiff herein is that the plaintiff now resides in another county, other than where Gess Gess & Scanlon, maintains it's offices.

The grounds of your deponent's knowledge and information as to matters not stated upon deponent's knowledge are from files, investigation and information furnished.

The undersigned affirms that the foregoing statements are true.

Dated:        New York, New York
              September 20, 2007

_____
DAVID B. OWENS, ESQ.

10/11/2007 14:08 FAX 6082364009          KEVIN SMITH                                    ☒015

2007

ALL-STATE LEGAL®
07161-OT • 07182-BL • 07183-OV • 07184-WH
800.222.0510 www.aslegal.com

Index No.                Year 20

# SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF BRONX

*DELIA ROMERO,*
Plaintiff,

## -against-

*RESORTS CASINO ATLANTIC CITY,*
Defendant.

## SUMMONS & VERIFIED COMPLAINT

## GESS GESS & SCANLON

Attorney(s) for

30 VESEY STREET, THID FLOOR.
NEW YORK NEW YORK 10007
(212) 267-7770

Pursuant to 22 NYCRR 130-1.1-a the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a

Dated:                                                 Signature

                                                       Print Signer's Name

Service of a copy of the within                                      is hereby admitted.

Dated:

                                                       Attorney(s) for

PLEASE TAKE NOTICE

☐  that the within is a (certified) true copy of a
NOTICE OF    entered in the office of the clerk of the within-named Court on                      20
ENTRY

☐  that an Order of which the within is a true copy will be presented for settlement to the
NOTICE OF    Hon.                                                    one of the judges of the within-named Court,
SETTLEMENT   at
             on                                      20          at          M

Dated:

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

DELIA ROMERO,                                          Civil Action No.

                              Plaintiff,

        v.                                             CERTIFICATE OF SERVICE

RESORTS CASINO ATLANTIC CITY,

                              Defendant.

        Brian J. Carey, Esq., an attorney duly admitted to practice in the United States

District Court, Southern District of New York, hereby certifies pursuant to Fed. R. Civ. P. 5

that on November 1, 2007 I have arranged for service via hand delivery of a copy of the

within Notice of Removal and Statement of Grounds for Removal of Defendant Resorts

International Holdings, Inc. upon the attorneys listed below at the address provided for

service as follows:

TO:     David B. Owens, Esq.
        Gess Gess & Scanlon
        *Attorneys for Plaintiff*
        30 Vesey Street, 15th Floor
        New York, New York 10007
        (212) 267-7767

Dated: New York, New York
        November 1, 2007

        _____
        BRIAN J. CAREY
        McElroy, Deutsch, Mulvaney & Carpenter, LLP
        Attorneys for Defendant
        Resorts International Holdings, Inc.
        Wall Street Plaza
        88 Pine Street, 24th Floor
        New York, New York 10005
        (212) 483-9490